528 So.2d 519 (1988)
MOISHE'S INC., a Quebec Corporation, Appellant,
v.
MOISHE'S STEAK HOUSE AND SEAFOOD, INC., a Florida Corporation, Appellee.
No. 88-0297.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
Arnold Ilovitch of Ilovitch & Manella, P.A., Hollywood, for appellant.
David M. Wells of Caruana and Wells, P.A., Miami, for appellee.
PER CURIAM.
Appellant seeks reversal of an order denying its motion for temporary injunction to prevent trademark infringement. Appellant is a family owned business operating a well-known restaurant, Moishe's Steak House, in Montreal Canada for over fifty years. Appellee, also a family owned restaurant business, opened a new restaurant in North Miami Beach using a similar name and logo to that used by appellant.
Appellant filed an action under common law trademark infringement and section 495.151 Florida Statutes (1987), and sought a temporary injunction to prevent appellee from using the similar name and logo. The trial court denied the motion for temporary injunction finding that appellant failed to submit sufficient evidence to support temporary *520 relief. Appellant contends on appeal that the trial court erred because it submitted sufficient evidence to show a prima facie case of violation of common law trademark infringement. Appellee responds that the trial court was correct since appellant failed to prove the common law element of actual competition.
We affirm because the record contains conflicting evidence on the selection and use of the similar name and logo and contains sufficient evidence showing appellee took corrective steps once it learned appellant objected to its use of the similar name and logo. The record fails to support a statutory basis for business dilution under section 495.151, Florida Statutes (1987), since prior use by appellant of the name in Florida is not sufficiently proved. Abner's Beef House Corp. v. Abner's International, Inc., 227 So.2d 865 (Fla. 1969); Junior Food Stores of West Florida, Inc. v. Jr. Food Stores, Inc., 226 So.2d 393 (Fla. 1969). The record fails to support relief under the common law action because there is no proof that the two restaurants compete in the same trade area. American Bank of Merritt Island v. First American Bank and Trust, 455 So.2d 443 (Fla. 5th DCA 1984). Appellant's argument that it has shown an exception to the actual competition requirement based upon bad faith by appellee is not supported by the record, especially in light of the evidence showing appellee's subsequent attempts to notify the public that its restaurant was not associated with appellant.
AFFIRMED.
GLICKSTEIN, DELL and WALDEN, JJ., concur.